**UNITED STATES, Appellee,**

v.

**Private (E-1) Kevin D. PEOPLES, SSN 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, United States Army, Appellant.**

**SPCM 13379.**

U. S. Army Court of Military Review.

30 Jan. 1979.

Captain Raoul L. Carroll, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry D. Anderson, JAGC.

Captain Dennis S. Cameron, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Robert B. Williams, JAGC.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Contrary to his pleas, appellant was convicted by a special court-martial of disobedience of a lawful order, battery, assault with a dangerous weapon, and communicating a threat.[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $260.00 per month for six months. The convening authority approved the sentence as adjudged.

In argument before this Court, the appellant contends that the disobedience offense was improperly charged under Article 92, UCMJ and that, if at all, it should have been treated as a breaking restriction violation under Article 134, UCMJ. Concurrently, appellant argues that the restrictive order was itself unlawful.

The facts disclose that appellant was assigned to the United States Army Detachment (U.S. Army Signal School) at Lowry Air Force Base, Colorado. It appears that his unit normally took its meals at a dining hall in building 900. However, on weekends, and occasionally other days, that dining hall was closed. On such occasions, members of the Army Detachment dined in building 700, which was partially occupied by the 3441st School Squadron, United States Air Force.

Evidently the appellant's conduct in building 700 left something to be desired. In fact, it may reasonably be inferred that his conduct adversely affected morale and discipline in the Air Force unit, for the

executive officer of the parent 3440th Group, an Air Force major, ordered the appellant to stay out of the 3441st Squadron areas in building 700. On 24 October 1977, the appellant violated that order. In November, his own commanding officer, Major Heacock, imposed nonjudicial punishment (forfeiture of $100 pay per month for two months, with the second month suspended) for the failure to obey the Air Force officer's order—alleged as a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976).

On 25 October, before the mentioned nonjudicial punishment was imposed, Major Heacock addressed a "Letter of Instruction" to the appellant. He cited the appellant's disobedience, saying, "You disregarded his [the Air Force major's] instructions and were involved in an incident this past weekend which resulted in Security Police intervention." Succeeding paragraphs provided as follows:

3. As reinforcement to Major Shlue's previous oral instructions to you, I hereby impose the following restriction on you regarding entry into Building 700:

a. You are not to enter Building 700 except between the hours of 0700–0800, 1200–1300 and 1600–1700 on weekends or other days when Building 900 Dining Hall is closed.

b. When entering Building 700, you will proceed directly from the main entrance to the Dining Hall and after eating, from the Dining Hall back out the main entrance.

c. Other areas of the Building such as the office areas, day rooms, TV rooms, and living areas are specifically off-limits to you. This off-limits provision is effective even though you may be invited by a friend to accompany him/her to one of the areas other than the Dining Hall.

4. Failure to comply with these instructions may result in disciplinary action under provisions of the Uniform Code of Military Justice.

---

1. In violation of Articles 92, 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 928 and 934 (1976), respectively. He was acquitted of an additional specification of battery, and the military judge dismissed two specifications of using provoking words (a violation of Article 117, UCMJ, 10 U.S.C. § 917 (1976)).

5. These instructions are effective immediately and will remain in effect until I direct otherwise.

At about 2130 hours on Friday, 9 December, the appellant was involved in an altercation in the game room of the 3441st Squadron in building 700 (which led to one of the specifications of battery of which he was convicted); hence, the charge of failing to obey Major Heacock's order.

In support of his dual contention that the offense was improperly charged (*i. e.,* it should have been charged as a breach of restriction) and that the findings of guilty are incorrect as a matter of law (*i. e.,* the restriction was unlawful), the appellant cites *United States v. Haynes,* 15 U.S.C. M.A. 122, 35 C.M.R. 94 (1964).

In *Haynes,* an airman had twice been convicted of misappropriating property. When he returned to his unit after serving a sentence to confinement on the second conviction, his unit commander immediately restricted him to the limits of the air base. The commander's purpose was to prevent the airman from resuming the sale of wrongfully appropriated property in the nearby town. Appellate counsel for the Government conceded that the restriction had not been imposed in the interest of training, discipline, or medical quarantine within the meaning of the then-current Manual for Courts-Martial. *Id.* at 125, 35 C.M.R. at 97; *see* Manual for Courts-Martial, United States, 1969 (Rev. ed.), para. 174*b* at p. 28–25. The Court of Military Appeals found no authorized basis for the restriction and viewed it as unlawfully increasing the punishment (confinement) already imposed by court-martial and served. *United States v. Haynes,* 15 U.S.C.M.A. at 125, 35 C.M.R. at 97. The Court left open the question whether the record would support a conviction of violating Article 92. *Id.* at 126, 35 C.M.R. at 98.

We have carefully considered *Haynes* but find nothing therein to support the conclusion that Major Heacock's order to appellant was a restriction even if Heacock called it that.[2] (He also called it, more appropriately, an "off-limits provision.") It is contended that, in view of the appellant's relatively low intelligence, it would be unfair to characterize the offense as other than a breach of restriction, the latter being a term used by Major Heacock. That presupposes that the appellant knew of a difference between violating an order and breaching restriction and knew that the maximum punishment for breach of restriction was significantly less. We doubt that the appellant was misled. At the time of his offense, he already had been punished nonjudicially for a violation of Article 92 by failing to obey a similar order. He certainly was not prejudiced for he was tried by only a special court-martial for seven offenses including assault with a dangerous weapon.

 We hold that an order that imposes no more severe restraint than excluding an individual from the living and recreational areas assigned to another unit, without otherwise impeding his freedom of movement, does not give rise to the status of restriction or arrest. We also hold that, just as a *de jure* administrative restriction may be imposed in the interests of discipline, so also Major Heacock's order was lawful on the same basis.[3]

The findings of guilty and the sentence are affirmed.

---

**2.** *Cf. United States v. Smith,* 21 U.S.C.M.A. 231, 45 C.M.R. 5 (1972), wherein the Court of Military Appeals found that the validity of an order was not vitiated by the erroneous conclusion of law of the servicemember issuing the order regarding his inherent authority to do so.

**3.** *See e. g., United States v. Nelson,* 42 C.M.R. 877, 878 (ACMR 1970).